# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

GREGORY EARL JORDAN,

      Petitioner,

vs.

TERRY MAPES,

      Respondent.

No. 13-CV-2033-LRR

**ORDER**

## TABLE OF CONTENTS

I.     **INTRODUCTION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.    **PROCEDURAL BACKGROUND.** . . . . . . . . . . . . . . . . . . . . . . . . . **2**

      A.    *Conviction.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
      B.    *Direct Appeal.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
      C.    *State Post-Conviction Relief Proceedings.* . . . . . . . . . . . . . . . . **3**
      D.    *Federal Habeas Corpus Action.* . . . . . . . . . . . . . . . . . . . . . . . **6**

III.   **FACTUAL BACKGROUND.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

IV.   **STANDARDS OF REVIEW.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**

      A.    *28 U.S.C. § 2254(d).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**
      B.    *Exhaustion and Procedural Default.* . . . . . . . . . . . . . . . . . . . **12**

V.     **DISCUSSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

      A.    *Ineffective Assistance of Counsel.* . . . . . . . . . . . . . . . . . . . . . **17**
          1.   *Applicable law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**
          2.   *Pre-trial counsel and trial counsel.* . . . . . . . . . . . . . . . . **19**
              a.   *Failure to investigate and present defense based on the petitioner's mental health condition.* . . . . . . . . . . . . . **20**
              b.   *Grounds II-VIII.* . . . . . . . . . . . . . . . . . . . . . . . . **22**
          3.   *Appellate counsel.* . . . . . . . . . . . . . . . . . . . . . . . . . . **24**
          4.   *Post-conviction counsel.* . . . . . . . . . . . . . . . . . . . . . . **25**
      B.    *Motion to Suppress.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **26**

VI.   **CERTIFICATE OF APPEALABILITY.** . . . . . . . . . . . . . . . . . . . . **27**

***VII. CONCLUSION.*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **28**

## I. INTRODUCTION

The matter before the court is Gregory Earl Jordan's ("the petitioner") "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" ("petition") (docket no. 1).

## II. PROCEDURAL BACKGROUND

### A. Conviction

On May 1, 2002, in the Iowa District Court for Black Hawk County ("Iowa District Court"), Case No. FECR102398, a jury found the petitioner guilty of possession of a controlled substance, cocaine (Count I), and possession of a controlled substance, marijuana (Count II), both in violation of Iowa Code section 124.401(5). Appendix ("App'x"), Transcript of Pretrial Plea Offer and Jury Trial (docket no. 31-2). On June 5, 2002, in the Iowa District Court, a jury found the petitioner guilty of being an habitual offender in violation of Iowa Code section 902.8. App'x, Transcript of Trial re: Habitual Offender (docket no. 31-3) at 152. On August 12, 2002, the petitioner was sentenced to two concurrent fifteen year terms of imprisonment. App'x, Judgment and Sentence (docket no. 29) at 34-35.

### B. Direct Appeal

On August 29, 2002, the petitioner appealed his conviction to the Iowa Supreme Court. App'x, Notice of Appeal (docket no. 31-5). The petitioner's appellate counsel requested permission to withdraw as the petitioner's counsel. App'x, Motion for Leave to Withdraw (docket no. 31-6); App'x, Brief in Support of Motion to Withdraw (docket no. 31-7). In the motion to withdraw, at the petitioner's request, appellate counsel preserved two issues for post-conviction relief: (1) the Iowa District Court erred in

overruling the motion to suppress based on racial prejudice and (2) pre-trial counsel[1] failed to accurately convey to the petitioner the terms of the State's plea offer. App'x, Brief in Support of Motion to Withdraw (docket no. 31-7) at 4. On November 12, 2003, the Iowa Supreme Court granted the motion for leave to withdraw and dismissed the appeal as frivolous. App'x, Order Dismissing Appeal (docket no. 31-9). On November 18, 2003, Procedendo issued. App'x, Procedendo (docket no. 31-10).

## C. State Post-Conviction Relief Proceedings

The petitioner applied for post-conviction relief in the Iowa District Court, asserting the following claims for relief: (1) ineffective assistance of trial counsel for failing to put on a defense to the possession charges; (2) ineffective assistance of trial counsel for failing to put on a defense to the habitual offender charge; (3) ineffective assistance of pre-trial counsel for failing to discuss a plea agreement with the petitioner before informing the Iowa District Court that the petitioner wanted to withdraw his motion to suppress pursuant to the plea agreement; (4) ineffective assistance of pre-trial counsel for failing to accurately convey to the petitioner the terms of the plea agreement; (5) ineffective assistance of trial counsel for failing to object to the State's exhibits when the evidence tags were still attached; (6) ineffective assistance of appellate counsel for failing to raise the ineffectiveness of trial counsel; (7) ineffective assistance of appellate counsel for failing to preserve as error that the Iowa District Court incorrectly overruled the petitioner's motion to suppress; (8) the Iowa District Court erred in overruling the petitioner's motion to suppress; (9) ineffective assistance of pre-trial counsel for failing to refrain from coercing the petitioner; (10) ineffective assistance of trial counsel for failing to object to prejudicial evidence; and (11) the Iowa District Court erred in overruling the motion to

_____

[1] The petitioner's pre-trial counsel was replaced before trial by another attorney. Although the petitioner refers only to trial counsel throughout the state proceedings and in the instant proceeding, the court distinguishes between pre-trial counsel and trial counsel.

suppress based on racial prejudice.[2]  App'x, Application for Post-Conviction Relief (docket no. 31-11) at 3; App'x, Amended Application for Post-Conviction Relief (docket no. 31-12) at 2-4.  Additionally, it appears that the Iowa District Court also considered the petitioner's claim that trial counsel was ineffective for failing to fully investigate and put on a defense based on the petitioner's mental health condition.  App'x, Transcript of Post-Conviction Relief Hearing (docket no. 31-13) at 40, 43.  The Iowa District Court denied the petitioner's application for post-conviction relief in its entirety.  App'x, *Jordan v. State*, No. PCCV093032; Ruling on Application for Post-Conviction Relief (docket no. 31-14) at 5.

The petitioner appealed the Iowa District Court's denial of post-conviction relief, asserting the following claims on appeal[3]: (1) ineffective assistance of trial counsel and post-conviction counsel for failing to fully investigate the petitioner's mental health condition and put on a defense based thereon; (2) ineffective assistance of trial counsel for failing to put on a defense to the possession charges; (3) ineffective assistance of trial counsel for failing to put on a defense to the habitual offender charge; (4) ineffective assistance of pre-trial counsel for withdrawing the petitioner's motion to suppress without

---

[2] Claims 1-8 were raised by post-conviction counsel in the petitioner's amended application for post-conviction relief.  App'x, Amended Application for Post-Conviction Relief (docket no. 31-12) at 2-4.  Claims 9-11 were raised, pro se, in the petitioner's initial application for post-conviction relief.  App'x, Application for Post-Conviction Relief (docket no. 31-11) at 3.

[3] On September 14, 2010, the petitioner's post-conviction appellate counsel filed a motion for leave to withdraw after concluding that "the appeal is frivolous and counsel cannot in good conscience proceed with the appeal."  App'x, Brief in Support of Motion to Withdraw (docket no. 31-15) at 7.  On November 15, 2011, the Iowa Supreme Court denied the motion to withdraw.  App'x, Order Denying Motion to Withdraw (docket no. 31-24) (the court notes that docket no. 31-16, while labeled as the Order Denying Motion to Withdraw, is actually the Order Denying Application for Further Review and docket no. 31-24 is actually the Order Denying Motion to Withdraw).

his consent; (5) ineffective assistance of pre-trial counsel for failing to accurately convey to the petitioner the terms of the State's plea offer; (6) ineffective assistance of trial counsel for failing to object to the State's exhibits when the evidence tags were still attached; (7) ineffective assistance of pre-trial counsel for coercing the petitioner into a plea agreement, the subsequent withdrawal of which prejudiced the Iowa District Court; (8) ineffective assistance of trial counsel for failing to seek dismissal and release under speedy indictment rules; (9) ineffective assistance of appellate counsel for failing to raise a claim of ineffective assistance of trial counsel; (10) ineffective assistance of appellate counsel for failing to preserve the issue of whether the Iowa District Court erred in overruling the petitioner's motion to suppress; (11) the Iowa District Court erred in overruling the petitioner's motion to suppress because it prejudicially referred to the petitioner as a "reneger"; (12) ineffective assistance of post-conviction counsel for failing to call all witnesses during the post-conviction relief hearing; and (13) ineffective assistance of post-conviction counsel for failing to contest the petitioner's conviction of possession of marijuana, third offense, because the petitioner had no prior convictions of possession of marijuana.[4] App'x, Appellant's Brief (docket no. 31-17); App'x, Appellant's Pro Se Supplemental Brief (docket no. 31-18).

On November 29, 2012, the Iowa Court of Appeals affirmed the Iowa District Court's decision denying post-conviction relief. It addressed the merits of the petitioner's first claim for relief, holding that the petitioner failed to show prejudice resulting from the alleged ineffectiveness of trial counsel for failing to present any evidence relating to the petitioner's mental health. App'x, *Jordan v. State*, No. 10-0397 (docket no. 31-22) at 3. It held that the crime of possession of a controlled substance is a general intent crime under

---

[4] The petitioner's post-conviction appellate counsel briefed only claim 1. The petitioner briefed claims 2-13 in his pro se supplemental brief. App'x, Appellant's Brief (docket no. 31-17); App'x, Appellant's Pro Se Supplemental Brief (docket no. 31-18).

Iowa law and because the petitioner did not argue that he was legally insane or incompetent to stand trial, any defense of diminished responsibility would not have negated the general criminal intent necessary for conviction. *Id.* (docket no. 31-22) at 4. The Iowa Court of Appeals also found that the petitioner waived his remaining twelve claims for relief because he failed to cite to the record or to legal authorities in his pro se supplemental brief, as required by Iowa Rule of Appellate Procedure 6.903(2)(g)(3). *Id.* (docket no. 31-22) at 4 n.2.

On December 19, 2012, the petitioner filed an application for further review in which post-conviction appellate counsel briefed one claim for relief, that is, the claim regarding trial counsel's failure to fully investigate and present a defense based on the petitioner's mental health condition. App'x, Application for Further Review (docket no. 31-23). Post-conviction appellate counsel also preserved for review, without endorsing them "for professional responsibility reasons," the petitioner's remaining twelve claims, that is, those claims that were determined by the Iowa Court of Appeals to have been waived. *Id.* (docket no. 31-23) at 12. On February 5, 2013, the Iowa Supreme Court denied the petitioner's application for further review. App'x, Order Denying Application for Further Review (docket no. 31-16). On February 13, 2013, Procedendo issued. App'x, Procedendo (docket no. 31-25).

### D. Federal Habeas Corpus Action

On April 25, 2013, the petitioner filed the petition in the United States District Court for the Southern District of Iowa, alleging thirteen grounds for relief under 28 U.S.C. § 2254. Petition (docket no. 1). The United States District Court for the Southern District of Iowa transferred the case to this court pursuant to 28 U.S.C. § 2241(d). Order Transferring Case (docket no. 2). The petitioner alleges the following thirteen grounds for habeas corpus relief: (Ground I) ineffective assistance of trial counsel and post-conviction counsel "for failing to fully investigate the nature of [the petitioner's] mental

health and to raise any possible defenses/sentencing mitigation grounds based thereon";
(Ground II) ineffective assistance of trial counsel for failing to put on a defense to the
possession charges; (Ground III) ineffective assistance of pre-trial counsel for withdrawing
a motion to suppress without the petitioner's consent; (Ground IV) ineffective assistance
of trial counsel for failing to put on a defense to the habitual offender charge; (Ground V)
ineffective assistance of pre-trial counsel for failing to accurately convey to the petitioner
the terms of the State's plea offer; (Ground VI) ineffective assistance of trial counsel for
failing to object to the State's exhibits when the evidence tags were still attached; (Ground
VII) ineffective assistance of pre-trial counsel for coercing the petitioner into a plea
agreement, the later withdrawal of which prejudiced the Iowa District Court; (Ground
VIII) ineffective assistance of trial counsel for failing to seek dismissal and release under
speedy indictment rules; (Ground IX) ineffective assistance of appellate counsel for failing
to raise a claim of ineffective assistance of trial counsel; (Ground X) ineffective assistance
of appellate counsel for failing to preserve the issue of whether the Iowa District Court
erred in overruling the petitioner's motion to suppress; (Ground XI) the Iowa District
Court erred in overruling the petitioner's motion to suppress because it prejudicially
referred to the petitioner as a "reneger"; (Ground XII) ineffective assistance of post-
conviction counsel for failing to call all witnesses at the post-conviction relief hearing; and
(Ground XIII) ineffective assistance of post-conviction counsel for failing to contest the
petitioner's conviction of possession of marijuana, third offense, because the petitioner had
no prior convictions of possession of marijuana. Petition (docket no. 1).

On January 24, 2014, Terry Mapes ("the respondent") filed an answer in which he
argues that all of the petitioner's grounds for habeas corpus relief are "procedurally barred
as having been decided on an independent state ground that is routinely applied." Answer
(docket no. 16) at ¶ 5. The respondent also argues that "the Iowa Court of Appeals[']
application of the legal principles is not an unreasonable application of clearly established

federal law." *Id.* (docket no. 16) at ¶ 9.

On June 5, 2014, the petitioner filed a pro se brief in which he addresses grounds I, VIII, and XI.[5] Petitioner's Brief (docket no. 26). On July 21, 2014, the respondent filed a merits brief. Respondent's Brief (docket no. 32). The respondent argues that: (1) the Iowa courts did not unreasonably conclude that the petitioner's trial counsel was not constitutionally ineffective; (2) grounds VII, XI, XII and XIII are unexhausted; (3) grounds II-VI, VIII and IX are procedurally barred pursuant to an adequate and independent state ground; (4) the petitioner abandoned grounds II-VII, IX and X by failing to address them in his brief; (5) grounds XII and XIII do not assert a basis for federal habeas relief; and (6) the petitioner's claims are without merit. *Id.* (docket no. 32). The matter is fully submitted and ready for decision.

---

[5] With respect to Ground I, the petitioner argues that trial counsel's failure to fully investigate the petitioner's mental health condition also constitutes a violation of the Americans with Disabilities Act ("ADA") and a violation of the petitioner's Fourteenth Amendment rights to Due Process and Equal Protection. Petitioner's Brief (docket no. 26) at 2-3. With respect to Ground VIII, the petitioner argues that trial counsel's failure to seek dismissal under speedy indictment rules constitutes a violation of his Fourteenth Amendment rights to Due Process and Equal Protection. *Id.* at 3. The court finds that the petitioner's ADA and Fourteenth Amendment arguments relating to Grounds I and VIII are without merit because ineffective assistance of counsel claims are not analyzed under the ADA or the Fourteenth Amendment. Additionally, in his brief, the petitioner argues that his inability to secure counsel for the instant proceeding is a disadvantage which, left unremedied, constitutes a violation of the ADA and his rights to Due Process and Equal Protection under the Fourteenth Amendment. Petitioner's Brief (docket no. 26) at 3. This argument is also without merit because there is no constitutional right to counsel in a federal habeas proceeding and the ADA does not create such a right. *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (stating that the Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"). The court stands by its previous decisions not to appoint counsel for the instant proceeding. *See* Order Denying Motion to Appoint Counsel (docket no. 8), Nov. 19, 2013; Order Denying Motion to Appoint Counsel (docket no. 20), March 25, 2014; Order Denying Motion to Appoint Counsel (docket no. 25), April 8, 2014.

### III. FACTUAL BACKGROUND

The Iowa District Court summarized the facts in its ruling on the petitioner's application for post-conviction relief:

> On November 6, 2001, the Waterloo Police were patrolling an area known for drug sales in Waterloo, Iowa. Their attention was drawn to two subjects who were in the area long after all local retail establishments had closed. Law enforcement approached the two individuals and as law enforcement did so the petitioner in this matter approached a member of the Waterloo Police Department. After some initial discussion between the petitioner and law enforcement the petitioner removed from his pocket a controlled substance consistent with marijuana. The petitioner was placed under arrest and transported to the Black Hawk County Jail. After arriving at the Black Hawk County Jail a controlled substance consistent with cocaine was found in the backseat area where the petitioner had been riding.

App'x, *Jordan v. State*, No. PCCV093032; Ruling on Application for Post-Conviction Relief (docket no. 31-14) at 1.

The petitioner filed a motion to suppress in the Iowa District Court claiming that the evidence obtained by law enforcement was the result of an unreasonable search without a warrant. The Iowa District Court denied this motion, finding that there was no search because the petitioner voluntarily removed the bag of marijuana from his own pocket and, therefore, consent was not necessary for law enforcement to seize the bag. App'x, Transcript of Hearing on Motion to Suppress (docket no. 31-1) at 47-48. After reviewing the motion to suppress during post-conviction proceedings, the Iowa District Court agreed with all of the findings that were made at the trial level. App'x, *Jordan v. State*, No. PCCV093032; Ruling on Application for Post-Conviction Relief (docket no. 31-14) at 4.

## IV. STANDARDS OF REVIEW

### A. 28 U.S.C. § 2254(d)

The United States Code provides the standard for habeas corpus review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Thus, 28 U.S.C. § 2254(d) distinguishes between erroneous decisions of law, which are analyzed under subparagraph (1), and erroneous decisions of fact, which are analyzed under subparagraph (2). *Weaver v. Bowersox*, 241 F.3d 1024, 1029-30 (8th Cir. 2001).

Regarding an erroneous decision of law under 28 U.S.C. § 2254(d)(1), a state court decision can be "contrary to . . . clearly established Federal law" if: (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law"; or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that precedent]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (stating that federal courts in habeas corpus cases may "exercise only limited and deferential review of underlying state court decisions") (quoting *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)). Additionally, "the phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the

time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

An "unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States," can arise in two ways:

> First, a state court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the Supreme] Court's precedent if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 407. In addition, for a federal habeas court to issue the writ based on the "unreasonable application" clause of § 2254(d)(1), the state-court decision must have involved an objectively unreasonable, rather than merely erroneous or incorrect, application of clearly established federal law. *Id.* at 409-11. The Eighth Circuit Court of Appeals has provided the following standard for an unreasonable application of clearly established federal law: "[t]he federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Richardson v. Bowersox*, 188 F.3d 973, 978 (8th Cir. 1999) (quoting *Long v. Humphrey*, 184 F.3d 758, 760 (8th Cir. 1999)) (alteration in original).

Regarding claims of factual error under 28 U.S.C. § 2254(d)(2), the standard for determining whether the state-court decision was "based on an unreasonable determination of the facts" is provided in 28 U.S.C. § 2254(e)(1):

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant

> shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  Thus, the court's review presumes that the Iowa courts were correct in their findings of fact unless the petitioner rebuts that presumption with clear and convincing evidence.  *See Weaver*, 241 F.3d at 1030 ("[O]n habeas review, we accord state trial courts broad latitude in determining questions of fact by virtue of the statutory presumption in favor of state court fact-findings.").  "It bears repeating that even erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'"  *Id.* at 1030; *see also Forsyth v. Ault*, 537 F.3d 887, 890 (8th Cir. 2008) ("Thus, the state court's decision must be objectively unreasonable, and not merely incorrect, for us to grant the writ.").

Applying these standards to the present case, the court must determine whether the Iowa courts (1) reached a decision on a question of law contrary to that reached by the Supreme Court; or (2) correctly identified the applicable principles of federal law but then unreasonably applied that law to the facts of the petitioner's case.  *See, e.g.*, *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (discussing the applicable standard for federal habeas relief under 28 U.S.C. § 2254(d)); *Newman v. Hopkins*, 247 F.3d 848, 850-52 (8th Cir. 2001) (same); *Weaver*, 241 F.3d at 1029-30 (same); *Close v. Weber*, 238 F.3d 1018, 1020 (8th Cir. 2001) (same); *Copeland v. Washington*, 232 F.3d 969, 973 (8th Cir. 2000) (same).

## B. Exhaustion and Procedural Default

Before obtaining federal habeas corpus review, a petitioner must exhaust all available state court remedies.  28 U.S.C. § 2254(b)(1)(A).  To fulfill the exhaustion requirement, a petitioner must provide the highest state court a full and fair opportunity to consider the factual and legal basis for all of the claims before presenting them to a federal court.  *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("[A] state prisoner may initiate a federal habeas petition '[o]nly if the state courts have had the first

opportunity to hear the claim sought to be vindicated . . . .'") (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971)) (alterations in original); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997) ("[B]oth the factual grounds and legal theories on which the claim is based must have been presented to the highest state court in order to preserve the claim for federal review."); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993) ("A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."); *see also* 28 U.S.C. § 2254(c). This requires a petitioner to invoke "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Iowa, a "prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts." *Welch v. Lund*, 616 F.3d 756, 759 (8th Cir. 2010).

The fair presentment component of the exhaustion requirement compels a petitioner to "refer to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Ashker*, 5 F.3d at 1179 (quoting *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir. 1988)). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the petitioner's federal habeas corpus petition have been properly raised in the petitioner's state court proceedings. *See Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

Additionally, a petitioner's failure to exhaust a claim in state court can implicate the independent and adequate state ground doctrine. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). The Supreme Court explained:

Title 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Because "[t]his requirement . . . refers only to remedies still available at the time of the federal petition," *Engle v. Isaac*, 456 U.S. 107, 125, n.28, 102 S. Ct. 1558, 1570, n.28, 71 L. Ed. 2d 783 (1982), it is satisfied "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989). However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.

*Id.* at 161-62 (alterations in original); *see also Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) ("[S]tate-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability."). The cause and prejudice standard is applied "uniformly to all independent and adequate state procedural defaults." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). "Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . "impeded [his] efforts to comply with the State's procedural rule."'" *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (quoting *Coleman*, 501 U.S. at 753) (alterations in original); *see also Nachtigall v. Class*, 48 F.3d 1076, 1079 (8th Cir. 1995) ("This standard applies equally to habeas petitions presented pro se."). Where a petitioner "makes no attempt to demonstrate cause or prejudice for his default in State habeas proceedings, his claim is not cognizable in a federal suit for the writ." *Gray*, 518 U.S. at 162. In addition to the cause and prejudice exception to the bar from federal habeas review, a petitioner may have a procedurally defaulted claim reviewed in federal court if he or she can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749-50; *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002); *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001).

14

Independent and adequate state grounds also preclude a federal court from reviewing a habeas claim when a state court correctly applies a procedural default principle of state law to dismiss a claim. *See Cone v. Bell*, 556 U.S. 449, 465 (2009) ("[W]hen a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review."); *Michigan v. Long*, 463 U.S. 1032, 1042 (1983) (discussing the principle that federal courts "will not review judgments of state courts that rest on adequate and independent state grounds"); *Kilmartin v. Kemna*, 253 F.3d 1087, 1088 (8th Cir. 2001) ("The rule that certain state-court procedural defaults will bar a petition for federal habeas corpus extends to procedural defaults occurring in the course of state post-conviction proceedings, as well as to procedural defaults occurring at trial or on direct appeal in the state courts.") (quoting *Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir. 1989)). Therefore, when a state court rejects a claim based on a procedural default under state law, a federal court must respect those state procedural rules and decline to review the claim. *See Ford v. Norris*, 67 F.3d 162, 165 (8th Cir. 1995). In *Coleman*, the Supreme Court summarized the independent and adequate state ground doctrine:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

## V. DISCUSSION

In his petition, the petitioner asserts thirteen grounds for habeas corpus relief under 28 U.S.C. § 2254: (Ground I) ineffective assistance of trial and post-conviction counsel

"for failing to fully investigate the nature of [the petitioner's] mental health and to raise any possible defenses/sentencing mitigation grounds based thereon"; (Ground II) ineffective assistance of trial counsel for failing to put on a defense to the possession charges; (Ground III) ineffective assistance of pre-trial counsel for withdrawing a motion to suppress without the petitioner's consent; (Ground IV) ineffective assistance of trial counsel for failing to put on a defense to the habitual offender charge; (Ground V) ineffective assistance of pre-trial counsel for failing to accurately convey to the petitioner the terms of the State's plea offer; (Ground VI) ineffective assistance of trial counsel for failing to object to the State's exhibits when the evidence tags were still attached; (Ground VII) ineffective assistance of pre-trial counsel for coercing the petitioner into a plea agreement, the later withdrawal of which prejudiced the Iowa District Court; (Ground VIII) ineffective assistance of trial counsel for failing to seek dismissal and release under speedy indictment rules; (Ground IX) ineffective assistance of appellate counsel for failing to raise a claim of ineffective assistance of trial counsel; (Ground X) ineffective assistance of appellate counsel for failing to preserve the issue of whether the Iowa District Court erred in overruling the petitioner's motion to suppress; (Ground XI) the Iowa District Court erred in overruling the petitioner's motion to suppress because it prejudicially referred to the petitioner as a "reneger"; (Ground XII) ineffective assistance of post-conviction counsel for failing to call all witnesses at the post-conviction relief hearing; and (Ground XIII) ineffective assistance of post-conviction counsel for failing to contest the petitioner's conviction of possession of marijuana, third offense, because the petitioner had no prior convictions of possession of marijuana. Petition (docket no. 1).

The court finds that all thirteen grounds have been exhausted. Ground I was presented to the Iowa Supreme Court after the petitioner fully developed the factual and legal theories of the claim. App'x, Appellant's Brief (docket no. 31-17); App'x, Application for Further Review (docket no. 31-23); *see also* App'x, *Jordan v. State*, No.

16

10-0397 (docket no. 31-22) at 3-4. In the instant proceeding, the petitioner relies on the same alleged facts and the same legal theory that was presented to the Iowa courts. The respondent concedes that Ground I is exhausted as an ineffective-assistance-of-counsel claim. Respondent's Brief (docket no. 32) at 10. Grounds II-XIII are also exhausted because the Iowa courts determined the petitioner waived these claims pursuant to Iowa Rule of Appellate Procedure 6.903(2)(g)(3). App'x, *Jordan v. State*, No. 10-0397 (docket no. 31-22) at 4-5 n.2. Stated differently, the exhaustion requirement is fulfilled as to Grounds II-XIII because all of them were determined to be procedurally barred under state law. *See Woodford*, 548 U.S. at 92-93; *Gray*, 518 U.S. at 161.

### A. Ineffective Assistance of Counsel

The petitioner claims that his pre-trial counsel, trial counsel, appellate counsel and post-conviction counsel violated his constitutional right to effective assistance of counsel.

### 1. Applicable law

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall have the right . . . to have the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. The constitutional right to the assistance of counsel has long been recognized as the right to effective assistance of counsel and that right "extends to the first appeal of right, and no further." *Finley*, 481 U.S. at 555; *see also Evitts v. Lucey*, 469 U.S. 387, 396 (1985) ("A first appeal of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.").

To prevail on a claim for ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Williams*, 529 U.S. at 390 (reinforcing the *Strickland* standard). Although *Strickland* requires a showing of both deficient performance and prejudice, "a court deciding an ineffective assistance

claim [need not] . . . address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the [defendant] cannot prove prejudice.").

To satisfy the deficient performance prong of *Strickland*, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. This requires a showing "that counsel's representation fell below an objective standard of reasonableness," as measured by "prevailing professional norms." *Id.* at 688. In determining whether counsel's performance was unreasonably deficient, courts are highly deferential to counsel's conduct and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Boss v. Ludwick*, 760 F.3d 805, 811 (8th Cir. 2014) ("A petitioner 'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'") (quoting *Strickland*, 466 U.S. at 689); *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) ("We operate on the 'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'") (quoting *Strickland*, 466 U.S. at 689). In short, counsel's performance is analyzed under a deferential standard to "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To satisfy the prejudice prong of *Strickland*, a defendant must affirmatively prove that his defense was prejudiced by counsel's deficient performance: "Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must

show that they actually had an adverse effect on the defense. It is not enough . . . to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. To prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In short, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. In answering that question, a court "must consider the totality of the evidence before the judge or jury." *Id.*

When claims for ineffective assistance of counsel are reviewed under a 28 U.S.C. § 2254 petition, courts apply a "doubly" deferential standard. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("The standards created by Strickland and [28 U.S.C.] § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so.") (citations omitted). In other words, under a 28 U.S.C. § 2254 petition for habeas corpus relief, "[a] state court's determination that a[n] [ineffective assistance] claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In determining whether the Iowa courts' application of *Strickland* was unreasonable under 28 U.S.C. § 2254(d), the question the court must decide "is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 105.

### 2.    *Pre-trial counsel and trial counsel*

In Grounds I-VIII, the petitioner argues that his pre-trial counsel and trial counsel violated his constitutional right to effective assistance of counsel. Petition (docket no. 1).

### a. *Failure to investigate and present defense based on the petitioner's mental health condition*

In Ground I, the petitioner claims that trial counsel was ineffective "for failing to fully investigate the nature of [the petitioner's] mental health and to raise any possible defenses/sentencing mitigation grounds based thereon." *Id.* (docket no. 1) at 4. The petitioner claims that he informed his trial counsel that he suffers from paranoid schizophrenia and argues that had trial counsel conducted a more complete investigation into his mental health, "[trial] counsel could have obtained the assistance of a professional mental health counselor who could have assisted during sentencing." Petitioner's Brief (docket no. 26) at 3. In the petition, he alleges that his mental health condition, which he argues was a possible defense, might have had an impact on his state of mind at the time the crime occurred and during trial. Petition (docket no. 1) at 4.

On appeal, the Iowa Court of Appeals affirmed the Iowa District Court's denial of the petitioner's application for post-conviction relief, holding that the petitioner failed to show prejudice resulting from trial counsel's failure to investigate or present a defense based on the petitioner's mental health condition. App'x, *Jordan v. State*, No. 10-0397 (docket no. 31-22) at 3-4. The Iowa Court of Appeals held that "the offense of possession of a controlled substance under section 124.401(5) [of the Iowa Code] requires only general criminal intent." *Id.* (docket no. 31-22) at 4. It further held that "[e]vidence of a mental impairment which falls short of insanity is precluded [by Iowa law] 'in cases requiring proof only of guilty knowledge or general criminal intent accompanying a prohibited act.'" *Id.* (quoting *Anfinson v. State*, 758 N.W.2d 496, 503 (Iowa 2008)). Based on these findings, the Iowa Court of Appeals found that the petitioner failed to prove prejudice because he never contended that he was legally insane or incompetent to stand trial so "a defense of diminished responsibility would not negate general criminal intent." *Id.*

The court finds that the Iowa courts reasonably concluded that the petitioner failed

to show prejudice resulting from trial counsel's failure to investigate or present a defense based on the petitioner's mental health condition. The court does not review the Iowa courts' determination that possession of a controlled substance is a general intent crime that precludes the introduction of evidence of mental impairment falling short of insanity. That is a question of state law, review of which is outside the scope of a federal habeas court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). In light of the Iowa courts' determination, it is clear that even if trial counsel had fully investigated the nature of the petitioner's mental health condition, any evidence of such condition would have been precluded from trial because the petitioner never contended that he was legally insane or incompetent to stand trial. Because trial counsel could not have presented evidence of the petitioner's mental health condition, the petitioner fails to show that the alleged failure of trial counsel "actually had an adverse effect on the defense." *See Strickland*, 466 U.S. at 693. Similarly, the petitioner fails to show "a reasonable probability that," absent trial counsel's failure to investigate, "the result of the proceeding would have been different." *See id.* at 694.

Moreover, the petitioner fails to rebut the presumption of reasonableness with respect to trial counsel's decision not to present a defense based on the alleged mental condition of the petitioner. "An attorney need not pursue an investigation that would be fruitless . . . to the defense." *Harrington*, 562 U.S. at 108. Because the crime of possession of a controlled substance is a general intent crime under Iowa law, and a defense of diminished responsibility would not have negated the criminal intent necessary for conviction, an investigation into the petitioner's mental health would have been fruitless. Thus, the petitioner fails to demonstrate that trial counsel's performance was constitutionally deficient. Accordingly, the petition shall be denied with respect to Ground I.

### b.    *Grounds II-VIII*

In Ground II, the petitioner claims that trial counsel was ineffective for "failing to prepare for trial or put on any defense to the possession charge." Petition (docket no. 1) at 6. In Ground III, the petitioner claims that pre-trial counsel was ineffective for "acting without consent of the [petitioner] to withdraw a motion to suppress." *Id.* (docket no. 1) at 7. In Ground IV, he claims that trial counsel was ineffective for "failing to prepare for trial or put on any defense to the charge of habitual offender." Petition (docket no. 1) at 6, 9. In Ground V, the petitioner claims that pre-trial counsel was ineffective for failing to accurately convey to the petitioner the terms of the State's plea offer. *Id.* (docket no.1) at 11. In Ground VI, the petitioner claims that trial counsel was ineffective for failing to object to the State's exhibits when they had evidence tags attached. *Id.* (docket no. 1) at 12. In Ground VII, the petitioner claims that pre-trial counsel was ineffective for coercing the petitioner into a plea agreement, which was later withdrawn. *Id.* (docket no. 1) at 13. He argues that the withdrawal of the plea agreement prejudiced the Iowa District Court, but he never agreed to a plea agreement, so any prejudice based on the withdrawal of the plea agreement is the fault of pre-trial counsel. In Ground VIII, the petitioner claims that trial counsel was ineffective for failing to seek dismissal and release from prison under speedy indictment rules. *Id.* (docket no. 1) at 14. He argues that because the trial information had not been filed within ten days from when he was taken into custody, trial counsel should have moved to dismiss the case. Petitioner's Brief (docket no. 26) at 3.

The Iowa courts determined that the petitioner waived Grounds II-VIII by failing to comply with Iowa Rule of Appellate Procedure 6.903(2)(g)(3). App'x, *Jordan v. State*, No. 10-0397 (docket no. 31-22) at 4-5. In relevant part, Iowa Rule of Appellate Procedure 6.903(2)(g)(3) requires an appellant to argue each issue in his or her brief "with citations to the authorities relied on and references to the pertinent parts of the record . . . . Failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R.

App. P. 6.903(2)(g)(3). Because the Iowa Court of Appeals found that the petitioner had "not provided any citation to the record to support his contentions, or any citation to legal authorities," it held that the petitioner waived Grounds II-VIII. App'x, *Jordan v. State*, No. 10-0397 (docket no. 31-22) at 5.

The court finds that these grounds are barred from federal review pursuant to an independent and adequate state ground. Waiver of claims under Iowa Rule of Appellate Procedure 6.903(2)(g)(3) is routinely applied by the Iowa courts. *See, e.g.*, *State v. Vaughan*, 859 N.W.2d 492, 503 (Iowa 2015) (party waived an issue on appeal pursuant to Iowa R. App. P. 6.903(2)(g)(3) because he failed to present an argument or cite authority in support of his contention); *Kragnes v. City of Des Moines*, 810 N.W.2d 492, 507 n.12 (Iowa 2012) (same); *State v. Root*, 801 N.W.2d 29, 30 n.1 (Iowa Ct. App. 2011) (applying Iowa R. App. P. 6.903(2)(g)(3) to a pro se party). Furthermore, the petitioner makes no attempt, either in the petition or in his brief, to demonstrate either that cause and prejudice exists to excuse the procedural default in state court or that failure to address these claims will result in a fundamental miscarriage of justice. Thus, these claims are "not cognizable in a federal suit for the writ [of habeas corpus]." *Gray*, 518 U.S. at 162.

Even if these grounds were not barred from federal review, they are without merit. Trial counsel performed reasonably under prevailing professional norms, especially given the facts of the petitioner's case. Indeed, despite the evidence, she adequately presented an opening statement, cross and re-cross examined witnesses, objected to jury instructions, moved for judgment of acquittal and offered closing arguments. Additionally, with respect to Ground VII, the Iowa District Court heard the petitioner's motion to suppress after he withdrew from the plea agreement and denied it on the merits. The record does not reveal that the Iowa District Court harbored any racial prejudice because the petitioner withdrew from the plea agreement. The case proceeded to trial, as the petitioner desired, and he was found guilty. Thus, regardless of pre-trial counsel's actions with respect to the plea

agreement, the Iowa District Court would have denied the motion to suppress because it lacked merit. Stated differently, even if we assume that pre-trial counsel did in fact "coerce" the petitioner into a plea agreement, the petitioner fails to show that this had an adverse effect on the outcome of the proceeding. Accordingly, the petition shall be denied with respect to Grounds II-VIII.

### 3. Appellate counsel

In Grounds IX and X, the petitioner claims that his appellate counsel violated his constitutional right to effective assistance of counsel. In Ground IX, the petitioner claims that appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel. Petition (docket no. 1) at 15. In Ground X, the petitioner claims that appellate counsel was ineffective for failing to preserve the issue of whether the Iowa District Court erred in overruling the petitioner's motion to suppress. *Id.* (docket no. 1) at 16.

The Iowa Court of Appeals found that the petitioner waived Grounds IX and X by failing to cite to the record or to legal authorities in his brief, as required by Iowa Rule of Appellate Procedure 6.903(2)(g)(3). App'x, *Jordan v. State*, No. 10-0397 (docket no. 31-22) at 4-5.

The court finds that Grounds IX and X are barred from federal review pursuant to an independent and adequate state ground. The petitioner makes no attempt to demonstrate either that cause and prejudice exists to excuse the procedural default in state court or that failure to address these claims will result in a fundamental miscarriage of justice.

Furthermore, the court finds that Grounds IX and X are without merit. The petitioner fails to show that there is a reasonable probability that, if appellate counsel raised a claim of ineffective assistance of trial counsel, the result of the proceeding would have been different. Thus, the petitioner fails to show prejudice. Similarly, the petitioner fails to show prejudice resulting from appellate counsel's decision not to raise the issue of

error by the Iowa District Court in overruling the petitioner's motion to suppress. The record demonstrates that the Iowa District Court reasonably concluded that the bag of marijuana was not obtained as the result of an unreasonable search without a warrant. Accordingly, the petition shall be denied with respect to Grounds IX and X.

### 4. *Post-conviction counsel*

In Grounds I, XII and XIII, the petitioner claims that his post-conviction counsel violated his constitutional right to effective assistance of counsel. In Ground I, the petitioner argues that post-conviction counsel was ineffective "for failing to fully investigate the nature of [petitioner's] mental health." Petition (docket no. 1) at 4. In Ground XII, the petitioner claims that post-conviction counsel was ineffective for "failing to call all witnesses" during the post-conviction relief hearing. Petition (docket no. 1) at 18. In Ground XIII, the petitioner claims that post-conviction counsel was ineffective for failing to contest the petitioner's conviction of possession of marijuana, third offense, because the petitioner had never been convicted of possession of marijuana before. *Id.* (docket no. 1) at 19.

The court finds that Grounds I, XII and XIII are barred from federal review pursuant to an independent and adequate state ground because the Iowa courts deemed these claims to be waived for failing to comply with Iowa Rule of Appellate Procedure 6.903(2)(g)(3). App'x, *Jordan v. State*, No. 10-0397 (docket no. 31-22) at 4-5. The court also finds that these claims are without merit. 28 U.S.C. § 2254(i) provides, "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

Furthermore, "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman*, 501 U.S. at 752

(citations omitted); *see also Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir. 2007) ("[W]here there is no constitutional right to counsel there can be no deprivation of effective assistance."). The court notes that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). Here, however, the petitioner does not assert that the procedural default of his ineffective assistance of trial counsel claims was caused by ineffective assistance of post-conviction counsel. Accordingly, the petition shall be denied with respect to Grounds I, XII and XIII.

### B. Motion to Suppress

In Ground XI, the petitioner claims that the Iowa District Court erred in overruling his motion to suppress evidence obtained from the "search" of his person. He argues that the court overruled his motion based on racial prejudice in violation of the Iowa Code of Judicial Conduct Rule 51:2.3(A) and (B). Specifically, he alleges that the presiding judge called him a "reneger" in reference to his decision not to accept the State's plea offer after appearing willing to accept it. Petitioner's Brief (docket no. 26) at 4.

The court finds that Ground XI is barred from federal review pursuant to an independent and adequate state ground because the Iowa courts found that the petitioner waived it by failing to cite to the record or to any legal authority in his brief, as required by Iowa Rule of Appellate Procedure 6.903(2)(g)(3). App'x, *Jordan v. State*, No. 10-0397 (docket no. 31-22) at 4-5. In addition, because the petitioner "had an opportunity for full and fair litigation of his Fourth Amendment claim, . . . *Stone* bars federal habeas review of that claim." *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007); *see also Stone v. Powell*, 428 U.S. 465, 482 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

The court also finds that this claim is without merit. The record does not reveal that the presiding judge ever called the petitioner a "reneger," as the petitioner alleges, and there is no indication that the presiding judge harbored any racial prejudice or violated the Iowa Code of Judicial Conduct Rule 51:2.3. Rather, after reasonably concluding that there was no search because the petitioner voluntarily removed the bag of marijuana from his pocket, the Iowa District Court denied the petitioner's motion to suppress. App'x, Transcript of Hearing on Motion to Suppress (docket no. 31-1) at 47-48. Moreover, the use of "reneger" as a noun describes someone who goes back, or "reneges," on a promise; it is in no way a "disparaging remark" toward African-American heritage. Petitioner's Brief (docket no. 26) at 4. Thus, the court finds that the petitioner fails to show that the Iowa District Court was objectively unreasonable in denying the petitioner's motion to suppress. Accordingly, the petition shall be denied with respect to Ground XI.

## VI. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2254 proceeding before a district judge, "the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . ." 28 U.S.C. § 2253(c)(1). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if "a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, a petitioner must demonstrate that the "issues are debatable among reasonable jurists, a court could resolve

the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts can reject constitutional claims either on the merits or on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a federal habeas petition was dismissed on procedural grounds without reaching the underlying constitutional claim, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After a thorough review of the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" for each of the grounds that he raised in the petition. Because no reasonable jurist would find the resolution of this case debatable, an appeal is not warranted. Accordingly, the court shall deny a certificate of appealability under 28 U.S.C. § 2253. If the petitioner desires further review of his 28 U.S.C. § 2254 petition for writ of habeas corpus, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals. *See Tiedeman*, 122 F.3d at 522.

## VII.  CONCLUSION

The court finds that the petitioner is not entitled to relief under 28 U.S.C. § 2254. The Iowa courts' adjudication of the petitioner's claims did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established federal law. Furthermore, Grounds II-XIII are without merit and are procedurally defaulted because

the Iowa courts resolved them on independent and adequate state law grounds.

Accordingly, the petition is **DENIED**. The clerk of court is **DIRECTED** to enter judgment in favor of the respondent, Terry Mapes, and against the petitioner, Gregory Earl Jordan. Additionally, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 4th day of August, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA